1

NEWTOWN CREEK TOWING COMPANY, Libelant-Appellee, v. NEW YORK CENTRAL RAILROAD COMPANY, Respondent-Appellant.

(Circuit Court of Appeals, Second Circuit. June 17, 1926.)

No. 373.

Appeal from the District Court of the United States for the Eastern District of New York.

Alex S. Lyman, of New York City (Jacob Aronson, Leo Manville and Lawrence R. Walton, all of New York City, of counsel), for appellant.

Alexander & Ash, of New York City (Edward Ash and Mark Ash, both of New York City, of counsel), for respondent.

Before HOUGH, MANTON, and HAND, Circuit Judges.

PER CURIAM. Decree affirmed, with interest and costs.

2

Anthony NORELLI et al., Appellants, v. UNITED STATES, Appellee.

(Circuit Court of Appeals, Third Circuit. May 29, 1926.)

No. 3449.

Appeal from the District Court of the United States for the District of New Jersey; Wm. N. Runyon, Judge.

Joseph C. Cassini, of Orange, N. J., for appellant.

Harlan Besson, Asst. U. S. Atty., of Hoboken, N. J.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and GIBSON, District Judge.

PER CURIAM. In the court below a bill was filed by the United States against Tony Norelli and Frances, his wife, praying their use of certain premises owned by the latter be enjoined. Tony Norelli suffered a decree pro confesso to be entered against him, and on hearing the court entered its decree enjoining Mrs. Norelli's use of the entire premises.

Briefly stated, the premises had been occupied by Tony Norelli, who had the first story fitted up as a barroom, and whose illegal sale of contraband drinks was clearly shown. It was claimed by Mrs. Norelli that the illegal use had entirely ceased. The question involved was whether this had, in good faith, been done, and on that issue the court, after hearing the proofs, held: "I am strongly impressed with the utter lack of good faith in this case."

We have carefully examined the proofs, and, without entering into a discussion thereof, it suffices to say we see no reason to differ from its conclusion. In so holding, we have not overlooked the contentions of those third parties, who claimed rights on the first and second floors of the premises; but, in our judgment, they have been in such accord with the bad-faith use of these premises that the decree made should not be disturbed by their subsequent intervention.